

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DYLAN VANN | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:21-CV-019-O |
| vs. | ) |
| | ) |
| THE CITY OF WICHITA FALLS; MANUEL | ) |
| BORREGO, in his individual and official capacity; | ) |
| Danny Castillo, Charles Joel Mauck, Glenn L. Keith | ) |
| Dale E. Finnegan, Clint Merritt Halloway, | ) **JURY TRIAL DEMANDED** |
| Richard Lynn Cullar, Danny Dewayne Atnip, | ) |
| Michael Thomas Rael, Robert Ruff, | ) |
| Douglas Shaw, Kyle Wayne Cook, | ) |
| Jared Venable, Brian S. Rhoden, | ) |
| and JOHN DOE OFFICERS 1-10, | ) |
| in their individual capacities; | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Dylan Vann, files suit against Defendants, The City of Wichita Falls ("the City"), Manuel Borrego in his individual and official capacities ("Borrego"), Danny Castillo, Charles Joel Mauck, Glenn L. Keith, Dale E. Finnegan, Clint Merritt Halloway, Richard Lynn Cullar, Danny Dewayne Atnip, Michael Thomas Rael, Robert Ruff, Douglas Shaw, Kyle Wayne Cook, Jared Venable, Brian S. Rhoden, Marc Anthony Montana, and unknown John Doe Officers 1-10 (individual defendants collectively referred to as, the "Defendant Officers"), (all defendants collectively referred to as, the "Defendants") and alleges the following:

### JURISDICTION AND VENUE

1.  This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint.

1

Venue is proper in the Northern District of Texas, Wichita Falls Division, as this is the district where the events underlying the claims stated herein occurred.

## PARTIES

2. Plaintiff, Dylan Vann (hereinafter "Plaintiff") is a resident of Wichita Falls, Wichita County, Texas.

3. Defendant City of Wichita Falls is a governmental entity doing business in Wichita County. The City is responsible for the City of Wichita Falls Police Department and can be served with summons upon City of Wichita Falls, Texas, Mayor Stephen Santellana, 1300 7th Street, Room 105, Wichita Falls, Texas 76301.

4. Defendant Manuel Borrego is the Chief of Police for the City of Wichita Falls and is responsible for supervising and overseeing, the personnel, policies, and operations of Wichita Falls Police Department, as well as creating and implementing the department's policies. Defendant Borrego may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

5. Defendant Danny Castillo ("Castillo") is an officer the City of Wichita Falls. Defendant Castillo may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

6. Defendant Charles Joel Mauck ("Mauck") is an officer the City of Wichita Falls. Defendant Castillo may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

7. Defendant Glenn L. Keith ("Keith") is an officer the City of Wichita Falls. Defendant Keith may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

8. Defendant Dale E. Finnegan ("Finnegan") is an officer the City of Wichita Falls. Defendant Finnegan may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

9. Defendant Clint Merritt Halloway ("Halloway") is an officer the City of Wichita Falls. Defendant Halloway may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

10. Defendant Richard Lynn Cullar ("Cullar") is an officer the City of Wichita Falls. Defendant Cullar may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

11. Defendant Danny Dewayne Atnip ("Atnip") is an officer the City of Wichita Falls. Defendant Atnip may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

12. Defendant Michael Thomas Rael ("Rael") is an officer the City of Wichita Falls. Defendant Rael may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

13. Defendant Robert Ruff ("Ruff") is an officer the City of Wichita Falls. Defendant Ruff may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

14. Defendant Douglas Shaw ("Shaw") is an officer the City of Wichita Falls. Defendant Shaw may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

15. Defendant Kyle Wayne Cook ("Cook") is an officer the City of Wichita Falls. Defendant Cook may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

16. Defendant Jared Venable ("Venable") is an officer the City of Wichita Falls. Defendant Venable may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

17. Defendant Brian S. Rhoden ("Rhoden") is an officer the City of Wichita Falls. Defendant Rhoden may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls,

Texas 76301 or wherever he may be found.

18. Defendant Marc Anthony Montana ("Montana") is an officer the City of Wichita Falls. Defendant Montana may be served at the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301 or wherever he may be found.

19. Defendants John Doe Officers may be served at their place of employment, the Wichita Falls Police Department, 610 Holliday, Wichita Falls, Texas 76301.

20. Defendant Officers were, at all times material to this suit, officers employed by the Wichita Falls Police Department. Each of the acts complained of herein arises from the conduct of the Defendant Officers while acting under color of state law, and was committed within the scope of their employment and authority with the Wichita Falls Police Department.

## FACTS

21. At all times material hereto, Manuel Borrego was the Chief of Police for the City of Wichita Falls and employed by the City of Wichita Falls.

22. On or about April 11, 2019, Debra Jackson contacted law enforcement for a welfare check after receiving a call from her son, Dylan Vann, who indicated that he was suffering from a mental breakdown and did not want to continue living.

23. After the call from his mother, Mr. Vann was located by City of Wichita police – specifically the Defendant Officers.

24. Upon the Defendant Officers coming in contact with him, Mr. Vann ran and a brief chase ensued.

25. The chase ended at the Community Healthcare Center, 200 Martin Luther King Jr. Boulevard, Wichita Falls, Texas 76301, when the Defendant Officers suddenly, and without provocation, shot Mr. Vann multiple times.

26. No less than seven bullets hit Mr. Vann causing numerous life-altering injuries to his body, including, but not limited to: paralysis; collapsed lung; shattered spine; multiple fractures to both his hands and wrists; and excessive bleeding.

27. After the unlawful shooting of the Mr. Vann, the ambulance were called to the scene and Mr. Vann was transported to the United Regional Healthcare Services in Wichita Falls.

28. Prior to the shooting, Mr. Vann was an athletic and vibrant young man. Mr. Vann now has significant physical deficiencies, including paralysis from his neck downward, as a direct result of the actions of the Defendant Officers.

29. Furthermore, on the day of the unlawful shooting, Mr. Vann had recently became a father to his then eight day old son. Due to the excessive and unnecessary use of force by the officers involved, Mr. Vann and his son's life has forever been altered.

30. Mr. Vann will never be hold his son again, play sports, attend certain events, or engage in a host of other activities that fathers and son normally experience together.

31. Since the time of the shooting, the City of Wichita Falls has distorted the facts to the media and family, and refused to comply with two lawfully executed FOIA requests.

32. The City has failed to turn over any bodycam or other electronic recordings alleging that this matter is currently "under investigation."

33. At all times material hereto, Defendants has a duty toward Mr. Vann to operate and conduct themselves in a reasonably prudent manner, and not to attack him or cause him to be attacked without privilege or provocation.

34. At all times material hereto, the Defendant Officers involved in the shooting of Mr. Vann were agents and employees of the City of Wichita Falls and acted within such agency and employment under the color of state law.

35. The Defendant Officers actions amounted to excessive and/or unnecessary use of force. Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a brutal and life-threatening attack on any person in the position of the Defendant Officers.

36. Said excessive force committed against Mr. Vann by the Defendant Officers was not

performed in good faith to maintain or restore discipline, but performed maliciously, intentionally, and for the very purpose of punishing and causing harm to Mr. Vann.

37. At all pertinent times, Defendant, City of Wichita, by and through the City of Wichita Police Department, authorized and ratified the wrongful and tortious acts and/or omissions of its officers.

## COUNT I – 42 U.S.C. § 1983

38. The allegations contained in paragraphs 1 through 22 are herein incorporated by reference, as if set forth in full.

39. 42. US.C. § 1983 provides in relevant part that –

"Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

40. The substantive component of the Fourteenth Amendment's Due Process Clause secures Plaintiff's right to be free from the wrongful invasion of their bodily integrity. U.S. Const. Amend. XIV.

### As Against The City of Wichita Falls

a. *Policy, Procedure and Customs of the City*

41. It is well-established that municipalities are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance with the municipality's customs, practices, polices or procedures. A municipality is liable for constitutional deprivations performed pursuant to the governmental custom even though such custom has not received formal approval through the body's official decision making channels.

42. In this case, the City of Wichita Falls is liable because it sanctioned the custom, practice and/or policy or procedure of excessive force. Defendant Officers' actions were a customary practice and/or policy or procedure that was sanctioned by the City of Wichita Falls out of which deprived Mr. Vann of his civil rights by statute and by both the Texas and United States Constitutions.

43. Liability for the City of Wichita is established under § 1983 because the assault and shooting of citizens, with little, or no justification, is a persistent and widespread practice of city employees – namely police officers – that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy.

44. The City of Wichita Falls has actual and constructive knowledge of this practice, custom and/or policy or procedure. Furthermore, the numerous prior incidents of police officers shooting fleeing citizens establishes custom and accession to that custom by the City's policy makers.

45. The City of Wichita Falls unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision.

46. Alternatively, the City of Wichita Falls is liable under §1983 for failure to adopt a policy precluding officers from shooting citizens because such failure to adopt such a policy is one of intentional choice.

    b. *Failure to Supervise and Train*

47. Moreover, the City of Wichita Falls is liable for inadequate training and screening of Defendant Officers under § 1983. Liability attaches to the City of Wichita Falls because the City's failure to train, amounts to deliberate indifference to the rights of the persons with whom the Defendant Officers come in contact with.

48. Specifically, Mr. Vann alleges that the training program in relation to the tasks a

particular officer must perform is inadequate in the respect that the program fails to teach Defendant Officers, and even new police officers, that shooting citizens violates citizens' constitutional rights.

49. A properly trained and screened police officer would not find it objectively reasonable to unload a multitude of bullets on a mentally unstable citizen; and to continue shooting after he had been subdued. As such, the deficiency in training was directly responsible for the Defendants' violation of Mr. Vann's constitutional rights.

## COUNT II – TEXAS TORT CLAIMS ACT - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The allegations contained in paragraphs 1 through 49 are herein incorporated by reference as if set forth in full.

51. Texas Civil Practice and Remedies Code § 101.021 provides that "a governmental entity in the State of Texas is liable for personal injury and death so caused by a condition or use of personal or real property if the governmental unity would, were it a private person, be liable to the claimant according to Texas law."

52. Texas Civil Practice and Remedies Code § 101.0215 holds that a municipality is liable for damages arising from its governmental functions including police protection.

53. As a pendent state cause of action, at all times material and relevant herein, the City of Wichita Falls, by acts and/or omissions and/or under color of state law, intentionally and/or recklessly inflicted emotional duress upon Mr. Vann, thereby he claims the tort of intentional inflection of emotional distress.

54. Mr. Vann alleges that the Defendant Officers acted intentionally and/or recklessly when they shot him over seven times without reason or provocation.

55. The conduct of the Defendant Officers was extreme and outrageous, and permanently altered his life and that of his family.

56. The actions of the Defendant Officers caused Mr. Vann to suffer emotional distress and

the emotional distress suffered by him was so severe that it required significant medical treatment.

57. The emotional distress suffered by Mr. Vann is of such nature that no reasonable person should be expected to endure it.

### COUNT III – TEXAS TORT CLAIMS ACT - BATTERY

58. The allegations contained in paragraphs 1 through 57 are herein incorporated by reference as if set forth in full.

59. Texas Civil Practice and Remedies Code § 101.021 provides that "a governmental entity in the State of Texas is liable for personal injury and death so caused by a condition or use of personal or real property if the governmental unity would, were it a private person, be liable to the claimant according to Texas law."

60. Texas Civil Practice and Remedies Code § 101.0215 holds that a municipality is liable for damages arising from its governmental functions including police protection.

61. As a pendent state cause of action, at all times material and relevant herein, the City of Wichita Falls, by acts and/or omissions and/or under color of state law, intentionally, knowingly and/or recklessly caused severe personal injury to Mr. Vann through uncontested physical contact with him.

62. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Mr. Vann alleges that the City of Wichita Falls committed an assault upon him when they intentionally, knowingly, and/or recklessly shot him and used excessive force upon him.

63. Said assaultive conduct of the Defendant Officers was committed intentionally, knowingly and/or recklessly and was the proximate cause of bodily and emotional injuries to Mr. Vann. Said injuries were the direct and immediate consequence of the Defendant Officers wrongful act and a natural and direct result of the assault.

64. At no time were the Defendant Officers privileged to take the action as force was not necessary.

65. The Defendant Officers' assault and battery upon Mr. Vann was not an objectively reasonable when balancing the amount of use against the need for use of force.

## DAMAGES

66. The allegations contained in paragraphs 1 through 65 are herein incorporated by reference as if set forth in full.

67. Mr. Vann seeks damages proximately caused by Defendants' acts and omissions in violation of his rights, including past and future damages for mental anguish and emotional distress.

68. Mr. Vann also seeks punitive damages against the Defendants for their willful and deliberate violation of Mr. Vann's rights under the Constitution and state law. The Defendant Officers have demonstrated reckless, wanton and malicious conduct in violation of Mr. Vann's rights.

69. Mr. Vann is further entitled to recover reasonable and necessary attorneys' fees and expert fees pursuant to 42 U.S.C. § 1988(b) and (c).

## JURY DEMAND

70. Mr. Vann respectfully demands a jury trial pursuant to Fed.R.Civ.P.8(b).

## DAMAGES

71. There is no justification for the conduct of the Defendant Officers in this matter. All citizens should be able to rely on law enforcement for protection without the fear that they will be recklessly and intentionally shot without provocation or reason.

72. For the foregoing reasons, Mr. Vann respectfully request that judgment be entered against Defendants and in his favor, awarding injunctive relief, monetary damages, pre

and post-judgment interest, as may be allowed by law, attorneys' fees and cost, and all other relief, in law and equity, to which he may be entitle to.

Respectfully submitted,

s/Dylan Vann
Dylan Vann
*Pro se* litigant
115 Front St
Wichita Falls, Tx, 76301