IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DYLAN VANN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:21-cv-00019-O-BP |
| § | |
| CITY OF WICHITA FALLS, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Dylan Vann ("Vann") filed his Original Complaint on March 17, 2021, and his Amended Complaint on April 7, 2022. ECF Nos. 1, 5. On April 12, 2022, the Court notified Vann of his responsibility to serve Defendants with a summons and copy of the Amended Complaint within ninety days after the filing or risk dismissal of his case under Federal Rule of Civil Procedure 4(m). ECF No. 7. The record shows that Vann has never served process on several of the Defendants named in the Amended Complaint. These Defendants include Danny Castillo, Charles Joel Mauck, Glenn L. Keith, Clint Merritt Halloway, Richard Lynn Cullar, Michael Thomas Rael, Kyle Wayne Cook, Brian S. Rhoden, Marc Anthony Montana, and John Doe Officers 1-10 in their individual capacities ("the Remaining Defendants").

On October 13, 2022, the Court entered an order directing Vann to show cause on or before November 14, 2022 why his case against the Remaining Defendants should not be dismissed for failure to serve them with process. ECF No. 34. The Court warned Vann that if he did not "timely show cause, the undersigned may recommend dismissal of his causes of action against the Defendants who have not been served." *Id.* at 2. To date, Vann has failed to comply with the

deadline for service of process under Federal Rule of Civil Procedure 4(m) and the Court's Show Cause order (ECF No. 34).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Vann did not serve process on the Remaining Defendants in a timely fashion under Federal Rule of Civil Procedure 4. Nor did he show cause by November 14, 2022 why his case against those defendants should not be dismissed for failing to serve them with process as ordered. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS without prejudice** Vann's claims against Defendants Danny Castillo, Charles Joel Mauck, Glenn L. Keith, Clint Merritt Halloway, Richard Lynn Cullar, Michael Thomas Rael, Kyle Wayne Cook, Brian S. Rhoden, Marc Anthony Montana, and John Doe Officers 1-10 in their

individual capacities, under Fed. R. Civ. P. 4(m) for failure to timely serve process on those defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 21, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3